LAW OFFICE OF

# CHRISTOPHER D. ADAMS, LLC

146 ROUTE 34, SUITE 325
HOLMDEL, NJ 07733

P: (732) 837-4544
F: (732) 837-3002
CHRISADAMS@CDADAMS.COM

October 31, 2014

**VIA ECF**

Honorable Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** **United States of America v. Cadet**
> **Crim. No. 14-4518**

Dear Judge Goodman:

Please accept this letter in lieu of a more formal response to the government's motion for a competency evaluation the Defendant, Herve Cadet.

At the outset, it should be noted that I join in the government's motion for a competency evaluation pursuant to 18 U.S.C. § 4241(a). I oppose, however, the government's unique request to transfer Mr. Cadet to a different corrections facility pending trial, as well as the attempt to avoid Speedy Trial issues by requesting a stay "of all proceedings in this matter." In addition, I request that all materials and information provided to the professionals conducting the examination be shared with counsel.

### A Competency Evaluation to Stand Trial

As noted, the defense joins in the request for a competency evaluation of Mr. Cadet. Pursuant to § 4241(a), a motion for a competency "shall" be granted "if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *See also Pate v. Robinson*, 383 U.S. 375 (1966); *Drope v. Missouri*, 420 U.S. 162 (1975). In Mr. Cadet's case, there certainly exists reasonable cause to believe such a condition may exist. First, there is a prior finding only a few years ago by a professional employed by the Department of Justice that Mr. Cadet was incompetent to stand trial. Subsequent to that finding and pursuant to § 4241(d),

United States District Court Judge Thompson found by a preponderance of the evidence "that the [Mr. Cadet] is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  Judge Thompson thereafter ordered that Mr. Cadet be hospitalized so as to determine if his competence can be improved in order to permit trial.  After a substantial period of time in treatment, Judge Thompson – on the government's motion – dismissed the charges against Mr. Cadet because there was not a "substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  That recent history alone is sufficient to order such an evaluation.

In addition to those facts, however, the ability for Mr. Cadet to meaningfully participate in his defense is questionable, at best.  As an officer of the Court, I must represent that I have no confidence in his ability to understand and appreciate the circumstances of his incarceration or conversations with counsel.  I am given to understand that Mr. Cadet has been diagnosed and classified as suffering from mental disabilities since childhood.  His education, or lack thereof, confirms this.  Thus, he presently has no ability to assist in his defense in any way a mental competency evaluation is appropriate.

### The Procedure to be Followed

Although the defense joins the government's request for a competency evaluation, it does not join in the proposed form of order submitted to the Court.  That order is inconsistent with the appropriate procedure to be followed in this circumstance, and as such, should not be entered.  Specifically, the government's proposed form of order seeks to revisit a host of conditions of Mr. Cadet's pretrial detention that are not the subject of this motion, nor do the facts of this motion substantiate them.  The Court will notice that half of the paragraphs contained in that order cite authority under § 3142, as opposed to the relevant statute for an evaluation: § 4241.

Due process requires strict adherence to the appropriate procedures of a competency evaluation.  *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996).  First, assuming that the Court agrees with both parties and orders a competency hearing, a date for such a hearing should be set.  *See* 18 USC § 4241(a).  Prior to the date of the hearing, the "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)."  The defendant in such a circumstance "may be examined for a reasonable period, but not to exceed thirty days."  18 USC § 4247(b)(emphasis added).  Moreover, the evaluation "shall be conducted in the suitable facility closest to the court."  *Id*.  That limiting language of Title 18 is not permissive, and does not give the government the blanket authority to "commit[] [Mr. Cadet]

to the custody of the Attorney General or his authorized representative <u>pending trial</u>."   *See*
Proposed Order, ECF Document 114-1, Page 2 of 3.   The government's proposed order cites §
3142 as authority for such a directive.   That is inappropriate and violates Mr. Cadet's due process
rights.   The order must very specifically set forth the period of time that is permitted for an
examination, and also parrot the language of the statute that requires it be accomplished "in the
suitable facility closest to the court."   Thus, we respectfully submit that the Court's order limit
the length of the evaluation to "a reasonable period, but not to exceed thirty days."   The order
should also direct that the evaluation and examination "be conducted in a suitable facility closest
to the court."   Upon conclusion of the examination, Mr. Cadet should be returned to the facility
in which he is presently detained.

Next, § 4247(c) sets forth precisely what must be accomplished by the examiner so as to
ensure that a defendant's due process rights are not violated.   It is very specific with respect to
what must be produced upon completion of the examination:

> A psychiatric or psychological report ordered pursuant to this
> chapter shall be prepared by the examiner designated to conduct the
> psychiatric or psychological examination, shall be filed with the
> court with copies provided to the counsel for the person examined
> and to the attorney for the Government, and shall include—
> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and
> medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis,
> and—
> (A) if the examination is ordered under section 4241,
> whether the person is suffering from a mental disease or defect
> rendering him mentally incompetent to the extent that he is unable
> to understand the nature and consequences of the proceedings
> against him or to assist properly in his defense;

During the initial appearance of Mr. Cadet when counsel raised the issue of his
competence and the prior finding of Judge Thompson, the government responded by making
references to the results of its investigation, including recordings and the opinions of law
enforcement personnel to presumably rebut the suggestion of incompetence.   Such items bear no
relevance to an examination pursuant to § 4241 because the only question to be decided is
whether "the defendant may be <u>presently</u> suffering from a mental disease or defect rendering him

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (Emphasis added). Such items may arguably be relevant to an inquiry pursuant to § 4242 (insanity at the time of the offense) or § 4243 (not guilty by reason of insanity), they are not probative of any fact related to his present competence to stand trial. Nevertheless, the order should include a provision that if either party shares any information with the professional(s) who conducts the examination and evaluation, those items must be on notice to the other party.[1]

### The Government's Order Violates the Speedy Trial Act and Rule 5.1

Finally, the government's proposed order seemingly attempts to violate Mr. Cadet's speedy trial rights by improperly excluding time from the speedy trial calculation and by suggesting that a stay of the proceeding be entered.

With respect to the government's request for a stay, there is absolutely no authority presented for a stay of the proceedings under these circumstances. It would appear that such a request is an effort to avoid a preliminary hearing or return of an indictment, and thus, the obligation to provide required discovery. Mr. Cadet's initial appearance occurred on October 16, 2014. At that time, Mr. Cadet did not waive his right to a preliminary hearing. To the contrary, counsel for Mr. Cadet specifically requested a preliminary hearing pursuant to Rule 5.1(c), which requires that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody…" By rule, therefore, Mr. Cadet's preliminary hearing was required to occur no later than October 30, 2014 – yesterday. Unless the government has indicted Mr. Cadet, *see* Rule 5.1(a)(2), the complaint in this matter must be dismissed.

Worse yet, the government's proposed order suggests "any delays resulting from any proceedings to determine the mental competency of the defendant shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must occur." The government suggests that 18 U.S.C. §3161(h)(A) supports that proposition. Unfortunately for the government, it does no such thing. That section very specifically states:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be

---

[1]  Appropriate protective orders could of course be entered to allay any reasonable disclosure concerns.

Honorable Lois H. Goodman, USMJ
October 31, 2014
Page 5 of 5
_____

> filed, or in computing the time within which the trial of any such
> offense must commence:
>
> (1) Any period of delay resulting from other proceedings
> concerning the defendant, including but not limited to—
>
> (A) delay resulting from any proceeding, including
> any examinations, to determine the mental competency or
> physical capacity of the defendant;

Thus, the statute cited by the government only excludes the period during which the defendant is actually examined – a process not yet even ordered to take place.

For all of these reasons, it is respectfully requested that the Court grant the application for a mental competency evaluation, and specifically limit the terms of the order to protect the due process rights of Mr. Cadet.

Respectfully submitted,

s/ Christopher Adams
CHRISTOPHER D. ADAMS

CDA/keb
cc:    AUSA Fabiana Pierre-Louis (vie ecf)